## ANGELINA COUNTY v. JONES.
### No. 1991.

Court of Civil Appeals of Texas. Beaumont.
Oct. 16, 1930.

Fairchild & Redditt, of Lufkin, for appellant.

W. J. Townsend and J. J. Collins, both of Lufkin, for appellee.

O'QUINN, J.

Sam Jones sued Angelina county. He alleged that in 1922 Angelina county constructed a public highway adjacent to his property, that said road was improperly constructed, causing water to overflow his farm, by reason of which his said property was permanently damaged to the extent of $500, and that he suffered damages in the year 1928 in the sum of $500 for loss of crop.

At the conclusion of the evidence, appellant moved for an instructed verdict, which was refused, and the case submitted to a jury upon special issues, and, upon their findings, judgment was rendered for appellee in the sum of $250. Motion for a new trial was overruled, and the case is before us on appeal.

The record shows that in the fall of 1922 the county properly designated and constructed a public road from Huntington to Ora; that said road ran along the line between the property of appellee, Sam Jones, and one Morgan, both farmers; that in constructing the road the roadbed was graded up to some two feet in height by digging ditches on both sides of the road, and dragging the dirt onto the center; that the ditches conveyed the water away without any overflow of appellee's land until about 1928, when, because of the ditch on Morgan's side of the road washing out the soil along Morgan's fence, and finally washing away some of his fence, he (Morgan) took a slip and team and filled completely up the ditch on his side, thus causing the water to accumulate in that ditch and to overflow and wash away a considerable portion of the roadbed, and going onto and over appellee's farm land, making ditches and destroying about five acres of his cotton crop. It is without dispute that Morgan's filling up the ditch on his side of the road caused the overflow washing away sections of the roadbed and doing the damage to appellee's premises.

It thus appears without dispute that the damage suffered by appellee was not caused by any improper construction of the road by the county, but was wholly caused by the act of a third party acting on his own initiative, and not in any manner authorized by the county or acting in behalf of the county; therefore it could not be held responsible for his act. The motion of appellant for an instructed verdict should have been granted.

For the error discussed, the judgment of the trial court is here reversed, and judgment rendered for appellant.